UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JHONATHAN JAVIER CAMARENA-ORTIZ, | * | |
| | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:26-cv-11245-IT |
| | * | |
| ANTONE MONIZ, et al., | * | |
| | * | |
| Respondents. | * | |
| | * | |

MEMORANDUM & ORDER

March 19, 2026

TALWANI, D.J.

Petitioner Jhonathan Javier Camarena-Ortiz is a citizen of the Dominican Republic who has been detained by ICE since March 12, 2026. Pet. ¶¶ 2, 4 [Doc. No. 1]. Petitioner is currently detained either at the ICE Field Office, in Burlington, Massachusetts, or at Plymouth County Correctional Facility, in Plymouth, Massachusetts. Id. ¶ 10. On March 12, 2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that, if authorized at all, his detention "must be compliant with INA § 236(a)," id. ¶ 29, and that "he is entitled to [a] bond hearing in immigration court," Pet.'s Reply ¶ 6 [Doc. No. 9].

Respondents state "that the legal issues presented in this Petition are similar to those addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)]." Resp. to Habeas Pet. 1 [Doc. No. 8]. Respondents further note that "[s]hould the Court follow its reasoning in Doe v. Moniz . . . it would reach the same result here." Id.

The court finds the reasoning in Doe remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a). The Board of

Immigration Appeals' decision in <u>Matter of Yajure Hurtado</u>, 29 I. & N. Dec. 216 (B.I.A. 2025), is unpersuasive and does not change the analysis. <u>See</u> <u>Elias Escobar v. Hyde</u>, No. 1:25-cv-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

The <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1] is therefore GRANTED as follows. No later than March 26, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) or, if the immigration judge declines to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention. Following the bond hearing, Respondents shall promptly file a status report.

IT IS SO ORDERED.

March 19, 2026                                    /s/ Indira Talwani
                                                 United States District Judge

2